SOUSIE LEWIS, RESPONDENT, v. MORRIS REALTY COM-PANY, INCORPORATED, APPELLANT.

Argued June 2, 1925—Decided October 19, 1925.

Plaintiff paid to defendant real estate broker the initial payment for a property to be conveyed under a written agreement with the vendor. The vendor failed of performance. Defendant broker withheld from the initial payment a certain sum, claimed by it as commissions due from the vendor. Upon the failure of the vendor to complete the sale, plaintiff brought suit against the broker to recover such portion of the deposit. *Held,* there having been a failure on the part of the vendor, the money never became her property, and, consequently, the action of the defendant in atempting to satisfy a debt which it claimed was due it from her by appropriating to its own use a part of this fund, was legally unwarranted.

On appeal from the Supreme Court, whose *per curiam* is printed in 3 *N. J. Mis. R.* 393.

For the appellant, *Harry Castelbaum.*

For the respondent, *Abraham M. Herman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff brought this suit in the Orange District Court to recover moneys in the possession of the defendant company, which she claimed had been wrongfully appropriated by it from funds which she had turned over to it to be paid to a third party. The trial

resulted in a finding in favor of the plaintiff, and, from the judgment entered thereon, the defendant appealed to the Supreme Court. The latter tribunal affirmed the judgment of the District Court, and the defendant has appealed from the judgment of affirmance.

The situation disclosed by the proofs was as follows: Mrs. Lewis, desiring to buy a piece of property located in Newark and owned by one Hattie Foss, authorized the defendant company, a real estate brokerage concern, to take up with Mrs. Foss the matter of the purchase thereof. This the defendant did, with the result that the plaintiff and Mrs. Foss entered into a contract for the purchase and sale of the property for $9,000. The contract provided that Mrs. Foss should pay to the defendant company the commission to which it should be entitled as compensation for the services rendered by it in bringing about the sale, such commission to be paid upon the delivery of the deed. The contract further provided that, upon its execution, the vendee should pay to the vendor $500 on account of the purchase price, and, pursuant to this provision, the plaintiff paid over to the company for Mrs. Foss the amount specified, namely, $500, in satisfaction of this first installment of the purchase-money. The defendant, however, instead of turning over the whole amount of this payment to Mrs. Foss, deducted therefrom and appropriated to its own use the sum of $297.50, claiming the right to do this in satisfaction of the commission which was to be paid to it by Mrs. Foss. The agreement between vendor and vendee fell through because of the fact that Mrs. Foss was unable to give a good and marketable title to the property. This she herself admitted, and thereupon returned to plaintiff so much of the $500 as she had received from the defendant broker. The plaintiff, by this suit, seeks to recover from the defendant so much of the primary payment as was retained by it.

From the above recital of facts it is apparent that the initial payment was not an absolute one, but was conditioned upon the willingness and ability of Mrs. Foss to perform the contract, the title to the moneys remaining in the plaintiff until the condition was performed, or its performance

prevented by her act. There having been a failure, on the part of Mrs. Foss, in the performance of the condition, the money never became her property, and, consequently, the action of the defendant in attempting to satisfy a debt which it claimed was due it from her by appropriating to its own use a part of this fund was legally unwarranted.

If the theory of the defendant is sound, then, if it had retained the whole of the $500 for the purpose of satisfying this and other outstanding debts due it from Mrs. Foss, the plaintiff could not recover from it the moneys received by it, although it was paid and received conditionally, for the specific purpose of its being applied on account of the purchase-money. As we have already indicated, this theory, in our view, is unsound.

The title to the moneys retained by the defendant never having passed out of the plaintiff, and its retention having been without legal warrant, so far as she is concerned, the judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, JJ. 10.

*For reversal*—None.